# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARLYNN SAEED, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * Civil Action No. 16-cv-11928-ADB |
| | * |
| COMMISSIONER OF SOCIAL SECURITY, | * |
| | * |
| Defendant. | * |
| | * |

## ORDER

BURROUGHS, D.J.

Plaintiff's motion for an award of attorney fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, in the amount of $6,023.42 is granted in part and denied in part. [ECF No. 33]. The Commissioner does not contest that Plaintiff is a "prevailing party" under this statute, but argues that Plaintiff is not entitled to an award of attorney fees because the Commissioner's position was "substantially justified." "The burden for showing substantial justification lies with the government." Sinclair v. Berryhill, 284 F. Supp. 3d 111, 114 (D. Mass. 2018). "A 'position' of the United States is 'substantially justified' if it is 'justified to a degree that could satisfy a reasonable person'—that is, if the position has a 'reasonable basis both in law and fact.'" McLaughlin v. Hagel, 767 F.3d 113, 117 (1st Cir. 2014) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). "The determination of whether the government's position was substantially justified lies within the trial court's discretion." Stephenson v. Shalala, 846 F. Supp. 49, 50 (D. Kan. 1994) (citing Pierce, 487 U.S. at 552); see Ramos v. Barnhart, 103 Fed. App'x 677, 2004 WL 1554408, at *1 (1st Cir. July 9, 2004) ("We review the district court's decision regarding substantial justification for abuse of discretion.").

Here, while the Court does not hold that the Government's position was not substantially justified, it finds that the Government has failed to meet its burden of showing substantial justification. See Ogden v. Astrue, 2012 WL 2741557, at *2 (D. Colo. July 9, 2012) ("Although the Commissioner sets forth [the relevant] legal precepts in his brief, he nevertheless fails to carry his burden of demonstrating that his position 'during the entirety of the civil action' was substantially justified." (citation omitted)); see also Taylor v. Colvin, 2015 WL 3407854, at *1 (W.D. Pa. May 27, 2015) (after reviewing the record and under all of the circumstances present, court awarded fees without expressly finding a lack of substantial justification).

The Government essentially argues that because "neither party [] specifically addressed" the narrow issue on which the Court based its decision to remand, its opposition to the petition as filed was justified. The fact that neither Plaintiff nor the Government recognized the potential inconsistency between the ALJ's RFC determination and the plain language of the regulations does not alone necessarily establish substantial justification. See Mar. v. Astrue, 2012 WL 1597377, at *3 (D. Or. May 4, 2012) (Commissioner failed to meet its burden where "[a]side from the 'narrow issue argument' the Commissioner fail[ed] to provide any additional reasons that its position was substantially justified"). Although this Court identified the split among other district courts on this issue and itself noticed the discrepancy, Plaintiff did raise the issue more generally both before the ALJ and before this Court. [ECF No. 31 at 16]. The Government's brief also did not address the lack of clarity in the vocational expert testimony that further warranted the remand. [ECF No. 31 at 22]. Moreover, as the Court noted in its prior order [ECF No. 37]:

> Attorney fees were awarded in each of the cases cited in the Court's March 9 decision [ECF No. 31] where a remand was ordered on similar grounds, usually through an unopposed motion or a joint stipulation between the claimant and the government. See, e.g., Franklin v. Berryhill, No. 16-cv-02284 (M.D. Pa. Feb. 26,

2

2018), ECF No. 23; Villarreal v. Colvin, 16-cv-00272 (W.D. Tex. Jan. 12, 2017), ECF No. 22; Wilkerson v. Commr of Soc. Sec., No. 16-cv-11153, (E.D. Mich. Dec. 21, 2017), ECF No. 21; Ferdin v. Colvin, No. 15-cv-00029, (W.D. Tex. Oct. 15, 2015), ECF No. 21; Ford v. Colvin, No. 14-cv-01046, (D. Del. Aug. 19, 2015), ECF No. 20; Campbell v. Astrue, No. 09-cv-05356 (E.D. Pa. Jan. 10, 2011), ECF No. 19.

[ECF No. 37]. The Government did not address any of these cases in the parties' joint status report that was filed in response to the Court's order. [ECF No. 38]. Although courts often find substantial justification where the decision to remand was a close call, the Government has not met its burden to support the Court doing so here.

That being said, given the numerous unsuccessful arguments set forth in Plaintiff's appeal, the fact that the narrow basis of the remand was not directly raised or fully argued by either party, and the relatively small size of the record in this otherwise typical Social Security case, the Court reduces the requested award from 38 to 27 hours (removing 4 paralegal hours and 7 attorney hours). See Bachelder v. Soc. Sec. Admin. Com'r, 2010 WL 4412291, at *2 (D. Me. Oct. 29, 2010) ("A district court 'should . . . equitably reduce[] the overall award to reflect the plaintiffs' less than complete success and the extent to which their legal work was aimed at contesting the government's *reasonable* position." (quoting McDonald v. Sec'y of Health & Human Servs., 884 F.2d 1468, 1480 (1st Cir. 1989)); McDonald, 884 F.2d at 1480 (citing Hensley v. Eckerhart, 461 U.S. 424, 436–37 (1983) ("The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success")); Knudsen v. Colvin, 2015 WL 4628784, at *3 (D. Me. July 31, 2015) ("[A] fee-shifting award under the EAJA is appropriately reduced in scope to account for the prevailing party's relative degree of success." (citation omitted)). See also Page v. Astrue, No. CIV. 08-CV-340-JD, 2009 WL 1798070, at *2 (D.N.H. June 23, 2009) (reducing attorney hours from 45 to 30 hours); Dowell v. Colvin, 2015 U.S. Dist. LEXIS 1128, at *11 (D. Me. Jan. 5,

2015) ("[M]y research suggests that the high end of the range may be closer to 30 than to 25 hours" for typical Social Security appeals); Staples v. Berryhill, 2017 WL 2570890, at *4 (D. Me. June 13, 2017) (reducing award from 32.85 hours to 23 hours, taking into account size of the record, garden-variety nature of the case, inefficient paralegal/attorney overlap, and "efficiencies expected from counsel's familiarity with this case and his experience as a Social Security practitioner"). Accordingly, the Court grants the motion [ECF No. 33] but awards Plaintiff a total of $4,279.37, calculated based on 17.10 attorney hours and 9.90 paralegal hours and their respective rates as proposed in the motion papers at [ECF Nos. 33, 33-1].

    **SO ORDERED.**

October 28, 2018                                                       /s/ Allison D. Burroughs
                                                                                   ALLISON D. BURROUGHS
                                                                                   U.S. DISTRICT JUDGE